CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 1 3 2005

JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
~~ROANOKE~~ DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Case No. 4:04cr70014 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTHONY L. HAGWOOD, | ) | By: Jackson L. Kiser |
| Defendant. | ) | Senior U.S. District Judge |

This matter is before the court upon defendant's motion for an extension of time in which to file a federal habeas corpus petition challenging the validity of his state criminal conviction, document number 88. Petitioner explains that he was housed in a segregation unit from May 12, 2005 until July 28, 2005 and thus he needs additional time in which to research and prepare his petition.

A petition for writ of habeas corpus, pursuant to §2255, must now generally be filed within one year from the time that the underlying conviction becomes final once the opportunities for seeking direct review have expired. 28 U.S.C. §2244(d)(1)(A).[1] The court is not aware of any provision or rule in the United States Code that grants district courts the authority to extend the

---

[1] The limitation period for filing a §2255 petition concerning a specific state court judgment begins to run from the latest of four possible dates:
The limitation period shall run from the latest of---
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D).

1

§2244(d) filing period for would-be petitioners. Accordingly, it is hereby

**ORDERED**

that petitioner's motion, which the court construes as a motion for extension of time in which to file a petition for habeas corpus, pursuant to 28 U.S.C. §2255, shall be and hereby is **DENIED**. Petitioner is advised that once he files a timely §2255 petition, setting forth any claims for relief that he wishes to raise, he may move the court in that case for an extension of time in which to file a memorandum and additional evidence in support of the timely filed claims.

The Clerk is directed to send certified copies of this order to petitioner and to counsel of record for the respondent, if known.

ENTER: This 13th day of September, 2005.

Jackson L. Kiser
Senior United States District Judge

2

Case 4:04-cr-70014-JLK   Document 90   Filed 09/13/05   Page 2 of 2   Pageid#: 169